UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TODD MIYO THOMAS, JR.,

    Petitioner,

v.

T. CAUSEY,

    Respondent.

Case No. 3:16-cv-00897-CL

FINDINGS AND
RECOMMENDATION

CLARKE, Magistrate Judge:

Petitioner, a former inmate at Deer Ridge Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that his conviction violated his rights against double jeopardy and to a speedy trial, and that the trial judge erroneously instructed the jury it need not reach a unanimous decision. Respondent contends that two of petitioner's claims are unexhausted and procedurally defaulted and the remaining claim was denied in a state court decision that is entitled to deference. *See* 28 U.S.C. § 2254(b),(d). For the reasons explained below, I recommend that the petition be denied and the case dismissed.

Page 1    - FINDINGS AND RECOMMENDATION

BACKGROUND

In May 2009, after trial by jury, petitioner was convicted of two counts of Rape in the First Degree and two counts of Unlawful Sexual Penetration in the First Degree. Resp't Ex. 101. Petitioner's convictions arose from the sexual assault of an intoxicated teenage girl during a party hosted by a mutual friend. Trial Transcript (Tr.) at 226, 534-35, 587-92. At sentencing, the trial court imposed concurrent sentences of 100 months' imprisonment. Resp't Ex. 101.

Petitioner directly appealed his conviction and sentence. Resp't Exs. 103-04. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Ex. 107-08; *State v. Thomas*, 243 Or. App. 643, 257 P.3d 432, *rev. denied,* 351 Or. 217, 262 P.3d 403 (2011). Petitioner subsequently filed a petition for post-conviction relief (PCR) alleging ineffective assistance of counsel, and the PCR trial court denied the petition. Resp't Exs. 110, 121. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 122-26; *Thomas v. Coursey*, 270 Or. App. 753, 352 P.3d 105, *rev. denied*, 358 Or. 69, 363 P.3d 500 (2015).

On May 23, 2016, petitioner filed this federal habeas action under 28 U.S.C. § 2254.

DISCUSSION

A. Exhaustion and Procedural Default

In Grounds One and Two, petitioner alleges that his conviction violated his rights against double jeopardy and to a speedy trial. Pet. at 6 (ECF No. 2). Respondent argues that petitioner has procedurally defaulted on these claims. I agree.

A state habeas petitioner must exhaust all available state court remedies – either on direct appeal or through collateral proceedings – before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To

meet the exhaustion requirement, the petitioner must "fairly present" a federal claim to the State's highest court "in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam) (citation and quotation marks omitted); *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011). "A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) (citations omitted).

If a claim was not fairly presented to the state courts and no state remedies remain available for the petitioner to do so, the claim is barred from federal review through procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) ("A procedural default may be *caused* by a failure to exhaust federal claims in state court."). A federal court may consider unexhausted and procedurally barred claims only if the petitioner demonstrates cause for the default and actual prejudice, or if the lack of federal review would result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

On direct appeal, petitioner argued that the trial court erred by: 1) "denying defendants' motions for a new trial"; 2) "failing sua sponte to declare a mistrial"; and 3) "instructing the jury that concurrence of only 10 jurors is needed to enter a verdict of guilty in a criminal case." Resp't Ex. 103 at 2. Petitioner also submitted a pro se assignment of error:

> Is it not right to request a speedy settlement to the injury by requesting this court to remand this case back to trial court for resentencing to legislative intent or "order" the trial court to amend the judgment to reflect the lawful term of incarceration at Sentencing Gridblock Coordinates if criminal history is " 9G"? Wouldn't leave me at 66 to 70 months custody units and 36 months post-prison supervision?

Page 3 - FINDINGS AND RECOMMENDATION

Resp't Ex. 104 at 4. After the Oregon Court of Appeals affirmed without opinion, petitioner filed a petition for review with the Oregon Supreme Court raising the trial court's failure to declare a mistrial and its issuance of a non-unanimous jury instruction; petitioner did not seek review of his pro se claim. Resp't Ex. at 106 at 5. During the PCR proceedings, petitioner alleged the ineffective assistance of trial counsel based on counsel's failure to move for a mistrial or request a curative instruction after the prosecutor made improper statements during closing argument. Resp't Exs. 110 at 7, 122, 124.

Petitioner did not raise claims of double jeopardy or speedy trial violations on direct or PCR appeal, and he did not fairly present Grounds One and Two to Oregon's highest court. Petitioner now has no available avenue for exhaustion, and these grounds are unexhausted and barred by procedural default. *See* Or. Rev. Stat. §§ 138.071(1), 138.650(1); *Sandgathe*, 314 F.3d at 376. Moreover, petitioner presents no argument to support cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. Accordingly, habeas relief should be denied on Grounds One and Two.

B. Unanimous Jury Verdict

In Ground Three, petitioner alleges that the trial court violated his constitutional rights by instructing the jury that they could reach a non-unanimous decision. Respondent maintains that the state court's rejection of this claim is entitled to deference. Again, I agree.

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority, or if it reaches a different result in a case with facts "materially indistinguishable" from relevant

Page 4    - FINDINGS AND RECOMMENDATION

Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams,* 529 U.S. at 407-08, 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 653, 664 (2004)).

Petitioner challenged the non-unanimous jury instruction on direct appeal, and the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Resp't Exs. 107-08. When a state court does not provide reasoning for its decision, this Court must "engage in an independent review of the record and ascertain whether the state court's decision was objectively unreasonable." *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014) (internal quotation marks and citations omitted). In this case, it was not.

As petitioner conceded on direct appeal, the United States Supreme Court upheld Oregon's system of permitting convictions by non-unanimous juries in *Apodoca v. Oregon,* 406 U.S. 404, 406 (1972). Resp't Ex. 103 at 26. To the extent petitioner maintains that *Apodaca* was wrongly decided or has been overruled, the Ninth Circuit has rejected the argument that subsequent Supreme Court decisions have effectively overruled *Apodaca. See Remme v. Hill*, 370 Fed. App'x 855, 856 (9th Cir. Mar. 12, 2010) ("We need not consider the merits of this argument because, regardless, we lack the authority to disregard the holding of *Apodaca.*"). Consequently, the state court's decision was neither contrary to nor an unreasonable application of clearly established federal law, and habeas relief should be denied on Ground Three.

## CONCLUSION

Petitioner's Petition for Writ of Habeas Corpus (ECF No. 2) should be DENIED and this case DISMISSED with prejudice. A Certificate of Appealability should be denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within (14) days from service of the Findings and Recommendation. If objections are filed, any response is due fourteen (14) days after being served with a copy of the objections. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's final order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 16 day of August, 2017.

MARK D. CLARKE
United States Magistrate Judge